IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

TRACKWELL V. COUNTY OF LANCASTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LLOYD TRACKWELL, APPELLANT,

V.

THE COUNTY OF LANCASTER, NEBRASKA, ALSO KNOWN AS LANCASTER COUNTY, JOSEPH KELLY,
LANCASTER COUNTY ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
AND GARY E. LACEY, FORMER LANCASTER COUNTY ATTORNEY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, APPELLEES.

Filed October 6, 2020.    No. A-19-1001.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

James H. Hoppe for appellant.

Emily R. Motto, of Baylor Evnen, L.L.P., for appellees.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Lloyd Trackwell sued Lancaster County and two former Lancaster County attorneys, Joe Kelly and Gary Lacey, (collectively appellees) under the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012), and 42 U.S.C. § 1983 (2018) for defamation and false light invasion of privacy. Upon appellees' motion for summary judgment, the district court for Lancaster County determined that appellees were entitled to sovereign immunity and had not waived such immunity. The court also concluded that the former county attorneys were entitled to qualified immunity on the § 1983 claim. Thus, the court sustained the

- 1 -

motion for summary judgment and dismissed Trackwell's complaint. Based on the reasons that follow, we affirm.

## BACKGROUND

In September 1999, Trackwell was charged in the Lancaster County District Court with felony theft by deception. In January 2001 a jury found Trackwell guilty of the charge and the court entered judgment thereon. He was subsequently sentenced to 4 to 8 years' incarceration. Trackwell appealed his conviction and in September 2003, this court determined that the district court erred in failing to instruct the jury on a lesser-included offense, and we reversed and remanded for a new trial. See *State v. Trackwell*, No. A-01-1174, 2003 WL 22231883 (Neb. App. Sept. 30, 2003) (not designated for permanent publication). The case was remanded back to the district court. In August 2004, the Lancaster County Attorney moved to dismiss the case and the court granted the motion.

In March 2017, Trackwell learned that information concerning his conviction remained in a "Criminal Court Case Search" database on the Lancaster County Attorney's Office website. The information indicated that he was convicted of theft by deception, over $1,500, and was sentenced to 4 to 8 years' imprisonment. On March 13, the information regarding the conviction was removed from the website and it displayed a retraction.

On March 9, 2017, Trackwell mailed a notice of tort claim to the Clerk of Lancaster County and on March 20, he sent an amended notice of tort claim. Trackwell subsequently filed this lawsuit alleging tort claims of defamation and false light invasion of privacy, and a claim for relief pursuant to 42 U.S.C § 1983.

Appellees filed a motion for summary judgment asserting sovereign immunity as to the tort claims, and qualified immunity as to the § 1983 claim. At a summary judgment hearing, appellees offered numerous exhibits that were received into evidence without objection. Trackwell offered no evidence to oppose the summary judgment motion. After the hearing, the district court entered an order sustaining the motion and dismissing Trackwell's complaint.

## ASSIGNMENTS OF ERROR

In his brief on appeal, Trackwell has failed to assign any errors, thus violating Neb. Ct. R. § 2-109(D)(1)(e) (rev. 2014) which requires a separate "assignments of error" section stating the assigned errors apart from the arguments in the brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. See *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019). Accordingly, we may proceed as though Trackwell failed to file a brief or, alternatively, may examine the proceedings for plain error. See, e.g., *In re Interest of Sloane O.*, 291 Neb. 892, 870 N.W.2d 110 (2015). In this case, we have reviewed the proceedings for plain error.

## STANDARD OF REVIEW

Because Trackwell failed to assign any errors in his brief to this court, we review only for plain error. Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a

nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *TransCanada Keystone Pipeline v. Tanderup,* 305 Neb. 493, 941 N.W.2d 145 (2020).

## ANALYSIS

*Sovereign Immunity From Tort Claims.*

Trackwell appears to have brought tort claims of defamation and false light invasion of privacy against appellees. (We note that we do not have Trackwell's complaint in the record before us.) The trial court found that Trackwell's tort claims were barred by the county's sovereign immunity. We find no plain error in the trial court's ruling.

The PSTCA governs claims made against a political subdivision when the claim is based upon acts or omissions of an employee occurring within the scope of employment. *Rutledge v. City of Kimball*, 304 Neb. 593, 935 N.W.2d 746 (2019). The PSTCA allows a limited waiver of a political subdivision's sovereign immunity with respect to certain, but not all, types of tort actions. *Rutledge v. City of Kimball, supra.* Section 13-910 sets forth specific claims that are exempt from the waiver of sovereign immunity, including "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Rutledge v. City of Kimball, supra*; § 13-910(7).

The trial court found that Trackwell's defamation and false light invasion of privacy claims arose out of libel, and thus fell within the exemption under § 13-910(7). A claim for defamation requires a false and defamatory statement concerning the plaintiff, among other elements. *Sand Livestock Sys. v. Svoboda*, 17 Neb. App. 28, 756 N.W.2d 299 (2008). Libel is defamation where the defamatory words are written or printed. *Id.*, quoting 50 Am. Jur. 2d *Libel and Slander* § 9 at 379 (2006). In addition, Neb. Rev. Stat. § 20-209 (Reissue 2007) provides that "[n]o person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication, exhibition, or utterance . . . ." See, also, *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015) (if plaintiff asserts claims of both libel and false light invasion of privacy based on same statement, false light claim is subsumed within defamation claim and is not separately actionable). Trackwell admits in his brief that his false light claim is subsumed in his defamation claim. We cannot say that the court committed plain error in finding that Trackwell's tort claims against appellees fell with the exemption under § 13-910(7).

The court further rejected Trackwell's allegation that the county had waived the defense of sovereign immunity by purchasing an insurance policy that covered the alleged conduct. Pursuant to § 13-916: "The procurement of insurance shall constitute a waiver of the defense of governmental immunity as to those exceptions listed in section 13-910 to the extent and only to the extent stated in such policy." The terms of a political subdivision's liability insurance policy determine whether its sovereign immunity under the PSTCA is waived. *City of Lincoln v. County of Lancaster*, 297 Neb. 256, 898 N.W.2d 374 (2017).

The court thoroughly examined and analyzed Lancaster County's applicable insurance policy and concluded that immunity was not waived under the policy. It concluded that a provision

of the policy covered libel, slander, or defamation arising out of an employment practice violation, which pertained to employees of the insured. Because Trackwell was not employed by appellees, the court determined that this coverage was not applicable and immunity was not waived under the county's policy of insurance.

The court concluded that appellees had sovereign immunity regarding Trackwell's tort claims of defamation and false light invasion of privacy and did not waive such immunity and therefore, it did not have jurisdiction over Trackwell's tort claims. See *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, 285 Neb. 48, 825 N.W.2d 204 (2013) (sovereign immunity deprives trial court of subject matter jurisdiction). We find no plain error in the court's analysis and conclusion.

*Qualified Immunity From § 1983 Claim.*

Trackwell also brought a § 1983 claim against Kelly and Lacey in their individual capacities. Section 1983 provides a federal cause of action against anyone who, acting pursuant to state authority, violates any rights, privileges, or immunities secured by the Constitution and law of the United States. *Midwest Foster Care & Adoption Ass'n v. Kincade*, 712 F.3d 1190 (8th Cir. 2013). The trial court found that Kelly and Lacey had qualified immunity against Trackwell's § 1983 claim because he did not demonstrate the deprivation of a clearly established constitutional right.

Qualified immunity shields government officials from liability and the burdens of litigation in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014). To survive a summary judgment motion based on qualified immunity grounds, a plaintiff must assert a violation of a constitutional right, show that this right is clearly established, and raise an issue of material fact as to whether the defendant would have known that the conduct in question violated the clearly established right. *Biby v. Board of Reg., Univer., Nebraska, Lincoln*, 419 F.3d 845 (8th Cir. 2005).

The trial court relied on *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976) in concluding that Trackwell could not maintain his § 1983 claim against Kelly and Lacey because he did not show they violated a constitutional right. In *Paul v. Davis, supra*, a flyer was circulated by the police to area businesses identifying plaintiff, among others, as shoplifters. At the time the flyer was circulated, plaintiff had been charged with shoplifting but had not yet been found guilty of the charge. Plaintiff sued county and city police officials under § 1983 claiming he had been deprived of rights secured to him by the Fourteenth Amendment of the U.S. Constitution. The Court noted that the plaintiff identified no specific constitutional guarantee safeguarding the interest he asserted had been invaded. *Paul v. Davis, supra*. The Court held that the words "liberty" and "property" as used in the 14th Amendment do not single out reputation for special protection over and above other interests that may be protected by state law. *Id* at 712. To state this type of claim, not only must there be state action in the form of defamation, there must also be a right or status previously recognized by law that was distinctly altered or extinguished, such as loss of employment, suspension from public school, or the loss of a driver's license. *Paul v. Davis, supra*. The interest in reputation alone is not enough. *Id*.

The trial court found that Trackwell sought relief solely for injury to his reputation and failed to assert or provide evidence of a violation of constitutional right. Any harm he claimed flowed from alleged damage to his reputation which does not amount to a constitutional deprivation. The trial court found that without an identifiable connection between Trackwell's claim for injury to his reputation and a specific right or status that was altered or distinguished, he could not maintain his claim. Therefore, the court concluded that there were no genuine issues of material fact as to whether Trackwell suffered a deprivation of a clearly recognized constitutional right and his § 1983 claim must be dismissed. We find no plain error in the trial court's conclusion.

*Lacey's Death.*

We note that a suggestion of death was filed with this court as part of a supplemental transcript on March 30, 2020, indicating that Lacey passed away on January 2. Pursuant to Neb. Rev. Stat. § 25-1402 (Reissue 2016), actions pending in court do not abate when either or both parties die, except for certain causes of action, including those for libel and slander. As stated earlier, libel is defamation where the defamatory words are written or printed. *Sand Livestock Sys. v. Svoboda*, 17 Neb. App. 28, 756 N.W.2d 299 (2008). Accordingly, based on § 25-1402, Trackwell's claims against Lacey based on defamation did not survive his death and would be dismissed as to him individually regardless of summary judgment being granted in appellees' favor.

CONCLUSION

Upon our review of the record, we find no plain error in the trial court's determination that appellees were entitled to sovereign immunity in regard to Trackwell's tort claims and had not waived such immunity, and that Kelly and Lacey were entitled to qualified immunity on the § 1983 claim. Accordingly, the trial court's order granting summary judgment in favor of appellees is affirmed.

AFFIRMED.